Brian Del Gatto, Esq.
Arizona Bar No. 033591
Taylor H. Allin, Esq.
Arizona Bar No. 031834
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
2375 E. Camelback Rd., Suite 600
Phoenix, Arizona 85016
T – (480) 562-3660
F – (480) 562-3659
Brian.DelGatto@wilsonelser.com
Taylor.Allin@wilsonelser.com

*Attorneys for Defendants Bombardier Inc. and Bombardier*
*Transportation (Holdings) USA Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles R. Johnson, | Case No. 2:18-cv-04267-GMS |
| Plaintiffs, | |
| vs. | **DEFENDANT BOMBARDIER TRANSPORTATION (HOLDINGS) USA INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Bombardier Inc.; Bombardier Transportation (Holdings) USA Inc.; Entities A, B, C; and John-Jane Does 1, 2, & 3; | [Assigned to the Honorable G. Murray Snow] |
| Defendants. | |

Defendant Bombardier Transportation (Holdings) USA Inc. ("BTHUSA") by and through its counsel undersigned, and for its Answer to Plaintiff's Complaint, hereby admits, denies, and affirmatively alleges as follows:

### PREFACE

Defendant denies each and every allegation of the Complaint, except as herein expressly admitted, qualified, or otherwise answered, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations contained in any

9457831v.1

averment or in the Complaint as a whole.  Defendant also specifically denies any allegation(s) contained in headings, prayers for relief, or unnumbered paragraphs in the Complaint, as applicable.

## ANSWER

In response to Plaintiff's initial unnumbered paragraph to initiate his Complaint, Defendant responds as follows:

Defendant admits it is responsible for the install, manufacture, operation and maintenance of the Phoenix Sky Train system at Sky Harbor Airport.  Defendant specifically denies any allegations of negligence contained in the initial unnumbered paragraph to begin Plaintiff's Complaint.  Defendant admits jurisdiction and venue are proper.  Defendant does not have sufficient information as to admit or deny the remaining allegations and therefore denies the same.

1.    Upon information and belief as to the residency of Plaintiff, Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 1 of the Complaint, and therefore denies same.

2.    Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 2 of the Complaint, and therefore denies the same.

3.    Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 3 of the Complaint, and therefore denies the same.

4.    Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 4 of the Complaint, and therefore denies the same.

5.    Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 5 of the Complaint, and therefore denies the same.

9457831v.1

6.     Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 6 of the Complaint, and therefore denies the same.

7.     Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 7 of the Complaint, and therefore denies the same.

8.     Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 8 of the Complaint, and therefore denies the same.

9.     Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 9 of the Complaint, and therefore denies the same.

10.     Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 10 of the Complaint, and therefore denies the same.

11.     Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 11 of the Complaint, and therefore denies the same.

12.     Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 12 of the Complaint, and therefore denies the same.

13.     Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 13 of the Complaint, and therefore denies the same.

14.     Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 14 of the Complaint, and therefore denies the same.

9457831v.1

15.    Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 15 of the Complaint, and therefore denies the same.

16.    Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 16 of the Complaint, and therefore denies the same.

17.    Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 17 of the Complaint, and therefore denies the same.

18.    Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 18 of the Complaint, and therefore denies the same.

19.    Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 19 of the Complaint, and therefore denies the same.

20.    Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 20 of the Complaint, and therefore denies the same.

21.    Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 21 of the Complaint, and therefore denies the same.

22.    Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 22 of the Complaint, and therefore denies the same.

23.    Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 23 of the Complaint, and therefore denies the same.

9457831v.1

24.   Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 24 of the Complaint, and therefore denies the same.

25.   Defendant denies the allegations of Paragraph 25.

26.   Defendant denies the allegations of Paragraph 26.

27.   Defendant denies the allegations of Paragraph 27.

## GENERAL DENIAL

28.   Defendant generally denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.   The Complaint and each cause of action therein fails to state facts sufficient to state a cause of action against Defendant.

2.   Defendant alleges that if Plaintiff suffered or sustained any obligation or liability for any loss, damage or injury as alleged in the Complaint, such losses, damages or injuries were proximately caused or contributed to by the wrongful and negligent acts and conduct of parties, persons or entities other than Defendant and that such wrongful and negligent acts or conduct were an intervening or superseding cause of the loss, damage or injury of which Plaintiff complains.

3.   Defendant herein alleges that if Plaintiff suffered or sustained any obligation or liability for any loss, damage or injury as alleged in the Complaint, such losses, damages or injuries were proximately caused or contributed to by the wrongful and negligent acts and conduct of parties, persons or entities other than Defendant.  The liability for all the additional responsible parties, named or unnamed, should be apportioned according to the relevant degrees of fault, and the liability of Defendant should be reduced accordingly or barred. *See* A.R.S. § 12-2506.

4.   Defendant alleges that the tortious misconduct alleged in the Complaint as against Defendant, if any, was not a substantial factor in bringing

9457831v.1

about the alleged injuries to Plaintiff, and was not a substantial factor in bringing about the alleged injuries for which damages have been alleged against Defendant herein.  Therefore, any such alleged misconduct was not a contributing cause to the claimed losses, damages or injuries, as alleged in Plaintiff's Complaint, but was superseded by the tortious misconduct of one or more parties, and one or more party's misconduct was an independent, intervening, sole and proximate cause of any alleged injuries or damages claimed to have been suffered by Plaintiff, as set forth in Plaintiff's Complaint.

5.     As a separate affirmative defense, Defendant alleges that it acted with due care and in accordance and full compliance with all codes and regulations, state statutes and all other requirements.  Further, Defendant is informed and believes, and thereon alleges, that none of the acts or omissions on its part actually and/or proximately caused or contributed in any manner to any losses or damages for which the Plaintiff seeks recovery.

6.     As a separate affirmative defense, Defendant alleges that Plaintiff's damages are not reasonable and necessary such that Defendant cannot be held liable for the full amount claimed.

7.     Defendant acted reasonably, permissibly and in good faith, at all material times based on relevant facts and circumstances known to it at the time, or in conformity with and in reliance upon regulations, orders, practices, policies or procedures.

8.     The Complaint, including each purported cause of action therein, is barred, in whole or part, by the doctrines of laches, waiver, estoppel, act of god, unclean hands and failure to satisfy condition precedent.

9.     Plaintiff has failed to mitigate his damages.

10.     Defendant has complied with all applicable statutes, regulations and laws, and any actions and policies applied by Defendant were applied to all consistently and in a neutral manner.

9457831v.1

11.    To the extent Plaintiff's Complaint seeks attorney's fees, such claim is barred.

12.    The Complaint and each purported cause of action contained therein are barred by third parties' acts, omissions, negligence or misconduct.

13.    Defendant was denied the opportunity to quickly and thoroughly investigate and remedy Plaintiff's complaints, if any.

14.    Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunity provided by Defendant or to avoid harm otherwise.

15.    Plaintiff's alleged injuries are unrelated to any alleged fault by Defendant.

16.    Defendant alleges it did not breach any duty owed to Plaintiff.

17.    Defendant alleges there were no dangerous conditions.

18.    Defendant alleges any alleged dangerous condition was open and obvious.

19.    Defendant alleges Plaintiff assumed the risk.

20.    Defendant alleges Plaintiff has no basis for punitive damages and no actions performed rise to the level necessary for punitive damages.

21.    Defendant did not breach any warranty, express or implied.

22.    Defendant did not fail to warn Plaintiff.

23.    Defendant alleges Plaintiff's damages are speculative in nature and therefore cannot be awarded.

24.    Bombardier Inc. is not a proper party to this lawsuit.

25.    Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Accordingly, Defendant reserves the right to assert additional defenses in the event that discovery indicated that such additional affirmative defenses would be appropriate. Although Defendant do not presently have specific facts in support of the remaining defenses, it wishes to put Plaintiffs

9457831v.1

1  on notice that it hereby raises the following defenses, which, through subsequent

2  discovery may indeed be supported by the facts:  assumption of risk, estoppel,

3  collateral estoppel, statute of limitations, ambiguity/vagueness, consent, failure to

4  join necessary and/or indispensable parties, statutory compliance and limitation on

5  liability,  superseding cause, lack of duty, lack of service of process, unclean

6  hands,  apportionment of fault, and failure to state a claim upon which relief can

7  be granted.

8      26.   Defendant presently has insufficient knowledge or information on

9  which to form a belief as to whether it may have additional, as yet unstated,

10 defenses available and, therefore, Defendant reserves the right to assert additional

11 defenses in the event discovery indicates that they would be appropriate.

12      27.   Defendant further incorporates by reference those affirmative

13 defenses enumerated in Rules 8(c) and 12(b), *Ariz. R. Civ. P.*, as if fully set forth

14 herein.  Such defenses are incorporated by reference for the specific purpose of not

15 waiving them as they may be justified by the facts determined during discovery.

16      WHEREFORE, answering Defendant requests that this Court:

17      1.   Dismiss the Complaint with prejudice as to Defendant, and that

18 Plaintiff take nothing by way of the Complaint against Defendant;

19      2.   Award answering Defendant its costs of suit incurred herein; and

20      3.   Award such other and further relief as may be appropriate.

23 / / /

28 / / /

9457831v.1

1 | RESPECTFULLY SUBMITTED this 7th day of December, 2018.

2

3

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

4

5

6 | By:  /s/ Taylor H. Allin, Esq.

7

BRIAN DEL GATTO, ESQ.
TAYLOR H. ALLIN, ESQ.

8

9

*Attorneys for Bombardier Inc. and
Bombardier Transportation (Holdings)
USA Inc.*

10

11

12 | **CERTIFICATE OF SERVICE**

13 | I hereby certify that on the 7th day of December, 2018, the foregoing

14 | document entitled, **DEFENDANT BOMBARDIER TRANSPORTATION**

15 | **(HOLDINGS) USA INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** was e-

16 | filed and served via electronic service through the United States District Court for

17 | the District of Arizona's ECF System and via U.S. Mail on the following person(s):

18

19

Charles R. Johnson

20 | 6501 E. Greenway Parkway, #103-481

21 | Scottsdale, AZ 85254

jochas@cox.net

22 | *Plaintiff Pro Per*

23

24

25 | By:  /s/ Becki Villarreal

26

27

28

9457831v.1